UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robin Dillon, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　Plaintiff,<br><br>　　-v.-<br><br>I.C. Systems, Inc.<br><br>　　　　　　　　　Defendants(s). | Civil Action No: 3:23-cv-2365<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Robin Dillon (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant I.C. Systems, Inc. (hereinafter "Defendant I.C." or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

　　　　1.　　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Hunterdon.

8. Defendant IC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, C T Corporation System at 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. to whom Defendant I.C. sent a collection letter attempting to collect a consumer debt;

    b. on behalf of Ambulatory Care Center;

    c. providing an amount owed;

    d. based on a particular date range between a date certain and "today";

    e. without dating the collection letter;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ l692d, l692e, l692f, and/or l692g *et seq*.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violates 15 U.S.C. §§ l692d, l692e l692f, and § l692g *et seq*.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, at some time prior to April 20, 2022, Plaintiff allegedly incurred an obligation to non-party Ambulatory Care Center.

21. The Ambulatory Care Center obligation arose out of a transaction involving consumer services in which money, property, insurance, or services, solely for personal, household or family purposes, specifically personal healthcare charges.

22. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Ambulatory Care Center is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Ambulatory Care Center contracted with the Defendant I.C. to collect the alleged debt.

26. Defendant I.C. collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – Collection Letter*

27. On a date better known to Defendant I.C., Defendant I.C. sent Plaintiff a collection letter (the "Letter"). A copy of the Letter is annexed hereto as **Exhibit A**.

28. The Letter is not dated.

29. Despite the fact that the Letter lacks a date, Defendant states, in relevant part:

| | | |
|---|---|---|
| As of 1/09/2020 you owed: | | $1,625.00 |
| Between 1/09/2022 and today: | | |
| You were charged this amount of interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | - | $1518.75 |
| **Total amount of the debt now:** | | **$106.25** |

30.     There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

31.     The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

32.     Furthermore, the alleged breakdown of the debt includes changes in the amount owed making it even more critical to include a date particular.

33.     It is common practice to date official letters.

34.     Letters that lack a date make them seem illegitimate.

35.     A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

36.     The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

37.     Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

38.     By withholding the date of the letter, Defendant withheld a material term from Plaintiff which made it confusing for her to understand the nature of the subject debt.

39. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

40. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

41. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

42. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

43. One important element of consumer protection revolves around keeping the consumer informed.

44. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

45. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

46. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

47. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

48. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

49. Defendants' actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

50. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

51. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

52. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

54. Plaintiff was uncertain about the legitimacy of the Letter and misled to his detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to her detriment.

55. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

56. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

57. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

58. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

59. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

60. Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to his detriment.

61. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

62. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

63. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

65. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

66. Defendant violated §1692d:

   a. By omitting a date from their dunning letter and defining Plaintiff's debt based on the omitted date; and/or

   b. By providing a nonsensical breakdown of the amount of debt Defendant purported to be seeking to collect;

67. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

70. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. Defendant violated 15 U.S.C. §1692e:

   a. As the Letter falsely represents the true character and/or legal status of the debt in violation of § 1692e(2)(A); and/or

    b. By making a false and misleading representation/omissions including failing to date the letter despite referring to "today" in its statement as to the amount of the debt, as well as by deceptively and/or misleadingly providing an inaccurate and/or nonsensical breakdown of the debt, both of which are in violation of § 1692e(10)

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

73. Plaintiff repeats the above allegations as if set forth here.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

75. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

76. Defendant violated this section by:

    a. By omitting material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt including failing to provide an accurate and understandable breakdown/calculation of the debt at issue.

77. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

78. Plaintiff repeats the above allegations as if set forth here.

79. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

80. Pursuant to 15 U.S.C. §1692g (a):

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    1. The amount of the debt;
    2. The name of the creditor to whom the debt is owed;
    3. A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

81. Defendant violated Section 1692g(a):

    a. Failing to properly provide the amount of the debt, by pegging it to an unknown date.

82. Pursuant to 15 U.S.C. § 1692g(b):

    If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

83. Defendant violated this section by:

    a. By failing to effectively communicate the amount of the debt allegedly owed by Plaintiff;

    b. By failing to provide the date that the letter was mailed and/or further by failing to specifically advise that the time for Plaintiff to exercise her statutory rights in response to the debt was specifically connected to the date that he received the letter rather than merely based on the date Defendant provided as such deadlines

    c. By overshadowing its recitation of Plaintiff's "G-Notice" rights in violation of 15 U.S.C. § 1692g(b);

84. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

85. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robin Dillon, individually and on behalf of all others similarly situated, demands judgment from Defendant I.C. System, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 28, 2023
Respectfully Submitted,

**STEIN SAKS, PLLC**

 /s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*